IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICIA SNOW and DALE NELSON,

        Plaintiffs,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

No. 3:23-cv-00824-MO

OPINION AND ORDER

MOSMAN, J.,

    This matter comes before me on Plaintiffs' Motion for Relief from Judgement of Dismissal under Rule 60(b)(1). [ECF 38]. Plaintiffs argue that I should vacate the Stipulation and Order of Dismissal with Prejudice, which their own counsel filed, because it was based on a mistaken belief that the parties agreed on the settlement's material terms. *Id.* at 2, 5; ECF Nos. 33, 34. As discussed below, I deny Plaintiffs' Motion.

### BACKGROUND

    Plaintiffs Complaint stems from Defendant's alleged failure to pay Plaintiffs' losses after a chimney fire at Plaintiffs' house. *See generally* Not. of Removal, Ex. 2, [ECF 1-2]. The parties had a judicial settlement conference with Magistrate Judge You in December 2024, but the case did not settle. Minutes, [ECF 32]. The parties continued to negotiate on their own and agreed to

1 – Opinion and Order

settle around January 20, 2025. [ECF 38] at 3–4; Bonaparte Decl., [ECF 41] at ¶ 2; Maloney Decl., Exs. 3 and 4, [ECF Nos. 49-3 and 49-4].

Shortly after the parties reached agreement, Defendant's counsel emailed Plaintiffs' counsel a proposed settlement agreement, which included a confidentiality provision. [ECF 41] at ¶ 2; [ECF 49-6]. Plaintiffs' counsel responded the same day and agreed to the draft agreement with minor redline changes to the confidentiality provision, which Defendant's counsel accepted. [ECF Nos. 49-7 and 49-8]. The next day, January 28, 2025, Plaintiff's counsel emailed Judge You to notify her of the settlement and filed a Stipulation and Order of Dismissal with Prejudice, which I signed the next day, January 29, 2025. *Id.* [ECF 49-9]; [ECF Nos. 33 and 34].

About five days later, on February 5, 2025, Plaintiffs' counsel emailed Defendant's counsel with an objection to the settlement agreement's confidentiality provision because, among other things, it was "not negotiated by the parties." [ECF 41-8] at 1. Defendant's counsel refused and the parties tried to compromise by substituting a non-disparagement clause. *Id.* at 1. Those efforts failed, and the parties again reached out to Judge You for help. [ECF Nos. 49-10 and 49-11]. Plaintiffs retained new counsel and eventually withdrew from the settlement efforts with Judge You, intending to resume litigation. [ECF 49-12].

Plaintiffs, meanwhile, retained new counsel and withdrew from the settlement efforts with Judge You intending to resume litigation. *Id.* Even so, Defendant's counsel continued to try to resolve the parties' only dispute—the confidentiality clause language—with Plaintiffs' new counsel. [49-13]. Plaintiffs' new counsel responded with attempts to renegotiate the entire settlement. [ECF 49-14]. In April 2025, Plaintiffs' new counsel conveyed that Plaintiffs rejected Defendant's latest offer and planned to try to reinstate their lawsuit. [ECF 49-15]. About seven months later, in November 2025, Plaintiffs filed their Rule 60(b) Motion. [ECF 38].

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 60(b) allows "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Mistake" is one of the grounds for relief from final judgment. Fed. R. Civ. P. 60(b)(1). The trial court has the discretion to deny a Rule 60(b) motion if the movant lacks a good reason for the mistake. *Cf. Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992) (it is within a district court's discretion to deny a motion to set aside a default judgment if a defendant lacks a "meritorious defense"). Generally, neither the actions of a party's lawyer nor "a litigation decision that a party later comes to regret" constitute a mistake that justifies setting aside a judgment under Rule 60(b)(1). *Cf. Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (discussing Rule 60(b)(1) motions based on excusable neglect and mistake based on erroneous legal advice of counsel).

### II. Analysis

Plaintiffs argue that the dismissal should be set aside based on "the mutual mistake between the parties that they had, in fact, settled the above captioned case." Reply, [ECF 50] at 1; *see generally* [ECF 38]. The record establishes that the parties reached agreement to settle this matter, including agreement on the material terms. [ECF 41] at ¶ 2; *see also* [41-1]. Plaintiffs' counsel negotiated the confidentiality clause in the parties' draft Settlement and Full Release of All Claims. *See* [ECF 41] at ¶ 4 (stating that counsel provided edits, which defense counsel accepted). The only mistake described is that Plaintiff's counsel "reported the case settled, notwithstanding that [he] had not yet received approval of the Settlement and Full Release of All Claims from the plaintiffs . . . ." *Id.* at ¶ 6.

3 – Opinion and Order

Plaintiffs' mistake—their attorney reporting the case settled without getting their approval—is not the type that Rule 60(b)(1) is intended to remedy. *See Latshaw*, 452 F.3d at 1101. Ninth Circuit precedent is clear that, for purposes of Rule 60(b)(1), "parties should be bound and accountable for the deliberate actions of . . . their chosen counsel," including "innocent, albeit careless or negligent, attorney mistake[s]." *Id.* Accordingly, Plaintiffs' mistake is not among those that Rule 60(b) is intended to remedy.

Moreover, the record indicates that Plaintiffs' efforts to reopen this litigation may be based at least in part on their dissatisfaction with their settlement decision. Their new counsel sought to re-negotiate terms of the settlement beyond the disputed confidentiality clause. [ECF 49-14]. Rule 60(b)(1), however, is not intended to remedy the effects of a litigation decision that party later comes to regret. *Cf. id.* (Rule 60(b)(1) cannot remedy litigation decisions that a party regrets after learning that counsel gave erroneous legal advice).

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [ECF 38] is denied.

IT IS SO ORDERED.

DATED this 28th day of January, 2026.

_____
MICHAEL W. MOSMAN
United States District Judge